IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BARBARA JONES, *et al.*, | : |
| Plaintiffs, | Civil No. 19-8959 (RBK/KMW) |
| v. | **OPINION** |
| BANK OF AMERICA, N.A., *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Powers Kirn's unopposed[1] Motion (Doc. 3) to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons detailed herein, Defendant's motion is GRANTED.

**I.     BACKGROUND**

This suit arises from a foreclosure of Plaintiffs' residence, and is brought against numerous entities that were involved in the state court foreclosure. Defendants in this action include: Bank of America, National Association ("BANA"), Countrywide Home Loans, Inc. ("CHL"), Deutsche Bank National Trust Company ("Deutsche Bank"), and Powers Kirn, LLC ("Powers Kirn"). Only Defendant Powers Kirn has presently moved to dismiss. (Doc. 3.)

---

[1] The Third Circuit has instructed that, even where uncontested, a party's motion to dismiss should nonetheless be analyzed on its merits. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

1

Plaintiff Barbara Jones and her husband James Jones owned a property in Willingboro, New Jersey ("the Property").[2] (Doc. 1 ("Compl.") ¶10.) In 2001, Mrs. Jones took out a mortgage on the Property. (*Id*. ¶12.) She alleges that this mortgage loan was "fraud *in factum*," that it was at some point unlawfully changed from a paper note to an electronic note, and that her electronic signature was forged. (*Id*. ¶13.) She alleges that the mortgage loan should thus be considered "unenforceable under state, federal, and common law." (*Id*. ¶14.) Despite alleging its illegitimacy, Plaintiff states that she made timely payments on the mortgage loan until 2006, when she became unable to afford the required payments. (*Id*. ¶¶15, 24.)

### *New Jersey State Court Foreclosure Action*

On July 19, 2006, Defendant CHL, the apparent holder of the mortgage at that point, brought a foreclosure action against Mrs. Jones in the Superior Court of New Jersey. (Compl. ¶25.) CHL was represented by law firm Powers Kirn in this state foreclosure. (*Id*.) Plaintiff alleges that this state court foreclosure action was unlawful because the underlying mortgage was fraudulent, and because the entity that owned the mortgage—"Bankers Trust Company of California, N.A."—had been "replaced with the name 'Deutsche Bank National Trust Company'" without notifying Plaintiffs. (*Id*.)

Despite Plaintiffs' arguments regarding the invalidity of the mortgage, on December 19, 2007, CHL obtained a final judgment in the state foreclosure action. (Compl. ¶26.) In its Order, the Superior Court of New Jersey found the mortgage loan on the Property to be valid, and ordered that the Property be sold to satisfy the amount remaining on the mortgage.[3] (Doc. 3-2 at 23.)

---

[2] Mrs. Jones' son, Fredie Lee Jones, also occupied the Property and is a co-plaintiff in this action.

[3] In a motion to dismiss pursuant to Rule 12(b)(1), "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Plaintiff alleges that this final foreclosure judgment was invalid because the mortgage loan documents were improperly accepted by the state court. (Compl. ¶26.)

Over the course of the next decade, Mrs. Jones repeatedly delayed the sale of the Property. She filed for bankruptcy in 2008, 2013, and 2017, each time in order to stay a pending sheriff sale of the Property. (Compl. ¶¶27, 33, 40–41.) Plaintiff claims that, in each bankruptcy proceeding, Defendants filed a proof of claim for the mortgage loan and that each claim was unlawful because the mortgage loan was fraudulent. (*Id.*)

On March 1, 2018, a sheriff sale was finally conducted, and in April 2018, Defendants "BANA and Powers Kirn caused the Burlington County Clerk to record a Sheriff Deed" for the Property. (Compl. ¶¶42–43.) On August 22, 2018, Defendants procured a Writ of Possession. (*Id*. ¶¶43–44.) Plaintiffs allege that this Writ was illegally procured because it stemmed from the state court foreclosure action that they allege was unlawful. (*Id*. ¶44.)

### *Federal Court Action*

On March 26, 2019, Plaintiff filed this action, alleging eighteen counts against Defendants. (Doc. 1.) The extensive list of Plaintiffs' claims is as follows: Count One, violation of New Jersey and federal civil RICO statutes; Count Two, violation of the New Jersey Consumer Fraud Act; Count Three, violation of the Federal Fair Debt Collection Practices Act ("FDCPA"); Count Four, receiving stolen property in violation of N.J. Rev. Stat. §2C:20-7; Count Five, violation of the "National Mortgage Settlement Consent Judgment"; Count Six, unjust enrichment; Count Seven, negligent misrepresentation; Count Eight, fraudulent concealment; Count Nine, constructive fraud; Count Ten, civil aiding and abetting fraud; Count Eleven, willful and wanton gross negligence; Count Twelve, civil conspiracy to defraud; Count Thirteen, defamation; Count Fourteen, harassment; Count Fifteen, intentional infliction of emotional distress; Count Sixteen,

slander of title; Count Seventeen, quiet title; and Count Eighteen, "declaratory relief pursuant to N.J.S.A. 12A:3-305."

On September 27, 2019, Defendant Powers Kirn filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (5), and (6). (Doc. 3.) The motion remains unopposed, and the Court addresses it now.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)[4]

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A district court may treat a party's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as either a facial or factual challenge to the court's jurisdiction. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Id*. at 178 (citing *Mortensen v. First Fed. Sav. Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Id*. A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## III. DISCUSSION

Powers Kirn makes numerous arguments in support of dismissal: (1) Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, as they are essentially an appeal of the state court

---

[4] Because the Court finds that the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1), the standards governing Defendant's alternate grounds for dismissal are not relayed here.

foreclosure judgment; (2) Plaintiffs fail to state a claim upon which relief may be granted, as the majority of the 67-page Complaint sets forth bare legal conclusions rather than factual allegations; (3) the Complaint should be dismissed for insufficient service of process because Plaintiffs never actually served the summons and complaint upon Powers Kirn; and (4) the entire controversy doctrine bars relief, as Plaintiffs' claims all relate to the loan at the center of the state foreclosure action and should have been litigated in that action.

Because the Court finds that the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction, Defendant's other arguments for dismissal are not addressed herein.

### A.  The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine holds that a federal district court cannot properly exercise subject matter jurisdiction over a case if it would result in "overturn[ing] an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The *Rooker-Feldman* doctrine prevents a suit from going forward in federal court when (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) the judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

Requests for federal courts "to overturn or negate [a] Final Foreclosure Judgment issued by [a state court]" are "plainly barred by the *Rooker-Feldman* doctrine." *Pitts v. Bayview Loan Servicing, LLC*, Civ. No. 18-633, 2018 WL 6243037, at *4 (D.N.J. Nov. 29, 2018); *see also Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, Civ. No. 17-8953, 2018 WL 1128498, at *4 (D.N.J. Mar. 1, 2018) ("In the foreclosure context, the Third Circuit has

5

repeatedly found that *Rooker-Feldman* bars a plaintiff's federal claims seeking redress of a state court foreclosure judgment.") (collecting cases).

Powers Kirn argues that the final foreclosure judgment entered by the Superior Court of New Jersey bars this Court from entertaining Plaintiffs' claims. The Court agrees. The very beginning of the Complaint states that this present suit was brought to challenge the state foreclosure action as "unlawfully commenced." (Compl. at 2.)

It is unnecessary to individually examine each of the eighteen counts in this case. The Complaint alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 due to the two federal claims alleged; however, as discussed below, both federal claims are barred by *Rooker-Feldman*. Therefore, this Court does not properly have subject matter jurisdiction over any federal claim, and will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, Civ. No. 18-1407, 2020 WL 525899, at *4 (D.N.J. Jan. 31, 2020) (declining "to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims" after finding that "the *Rooker-Feldman* doctrine divests this Court of jurisdiction over . . . Plaintiffs' federal claims").

### A. Federal Claims

Count One is styled as a RICO claim, and alleges that Defendants collected an unlawful debt from Plaintiffs, secured "execution of documents by deception," engaged in "theft by deception," and exercised unlawful control over Plaintiffs' "unmovable property." (Compl. ¶¶50, 55, 60, 61.) The mentions of "unlawful debt" and deceptive documents all refer to the mortgage loan that was central to the state foreclosure proceeding, and the mentions of theft of "unmovable property" refer to the Property that was foreclosed upon.

The allegations in Count One thus all attack the final foreclosure judgement. "Under New Jersey law, a final judgment in a foreclosure action cannot be issued, unless each of the following requirements are satisfied: (1) the note and mortgage are valid; (2) a default occurred; and (3) the defendant has the right to foreclose (which would include its standing by assignment or otherwise)." *Ezell*, 2020 WL 525899, at *5 (citing *Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 394 (N.J. Super. Ct. Ch. Div. 1993)). By alleging that the mortgage loan was invalid and that the Property was unlawfully taken, Plaintiffs' RICO claim thus attacks the "very heart of the state court foreclosure judgment." *Ezell,* 2020 WL 525899, at *5.

All elements of *Rooker-Feldman* are met here: (1) Plaintiffs lost in state court; (2) the injuries complained of in Count One were caused by the state court judgment finding the mortgage loan valid and ordering foreclosure; (3) the state court foreclosure judgment was rendered before this federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments by asking this Court to find the mortgage invalid and the foreclosure to constitute theft of property. *Great W. Mining & Mineral Co.*, 615 F.3d at 166. Accordingly, Plaintiffs' RICO claim is barred by *Rooker-Feldman.*[5]

Count Three, Plaintiffs' other federal claim, alleges that Defendants violated the FDCPA by unlawfully collecting payments on a fraudulent mortgage loan. (Compl. ¶¶88–91.) As explained above, asking that this Court declare the mortgage loan to be invalid is akin to inviting this Court

---

[5] Alternatively, Plaintiffs' RICO claim is barred by the Noerr-Pennington doctrine, which dictates that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. This right includes litigation." *See Giles v. Phelan, Hallinan & Schmieg, L.L.P*., Civ. No. 11-6239, 2013 WL 2444036, at *6 (D.N.J. June 4, 2013) (citing *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Courts within the Third Circuit have applied the Noerr-Pennington doctrine to bar RICO claims arising out of state court foreclosure actions. *See Davis v. Bank of Am., N.A*., Civ. No. 13-4396, 2014 WL 12778833, at *2 (E.D. Pa. Aug. 11, 2014) (dismissing the plaintiffs' RICO claim upon finding that it was "premised upon Defendants' actions in petitioning the state foreclosure court."); *Giles*, 2013 WL 2444036, at *6 ("The Noerr–Pennington doctrine bars Plaintiffs' RICO claims arising out of Defendants' prosecution of the [state court] foreclosure action.").

to review and reject the state court foreclosure judgment. *Great W. Mining & Mineral Co.*, 615 F.3d at 166. Thus, Plaintiffs' FDCPA claim is also barred by *Rooker-Feldman.*

Because *Rooker-Feldman* divests the Court of subject matter jurisdiction over Plaintiffs' federal claims, these counts must be dismissed.[6] *See Jacobsen v. Citi Mortg. Inc*., 715 F. App'x 222, 223 (3d Cir. 2018) (holding that *Rooker-Feldman* barred the district court from hearing claims that would negate a state court judgment in foreclosure action); *Francis v. TD Bank, N.A.*, 2013 WL 4675398, at *4 (D.N.J. Aug. 30, 2013), *aff'd*, 597 F. App'x 58 (3d Cir. 2014) (holding that when a federal court's ruling "would effectively overturn the state court's determination that [a] foreclosure could proceed," the plaintiff's claims are so "inextricably intertwined with the state court's grant of summary judgment" that they must be dismissed under the *Rooker-Feldman* doctrine).[7]

Further, although only one Defendant in this action has moved to dismiss, because this Court does not have proper subject matter jurisdiction over Plaintiffs' federal claims, Plaintiffs' federal claims must be dismissed as to all Defendants. *See Nesbit v. Gears Unlimited, Inc.*, 347

---

[6] Although only Counts One and Three explicitly allege a violation of a federal statute or reference a federal cause of action, Count Five is far less clear as to whether it is premised on a federal cause of action. Count Five alleges that Defendants CHL and BANA acted in concert to violate a consent order that BANA entered into in an entirely separate case which Plaintiffs here were not a part of. (Compl. ¶¶97–100.) In a similar case before this Court that alleged a violation of this same consent order, this Court interpreted such a claim as containing "undeveloped RICO allegations" that "fail under 12(b)(1)." *See Aliperio v. Bank of Am., N.A.*, Civ. No. 16-01008, 2016 WL 7229114, at *16 (D.N.J. Dec. 13, 2016). Even giving Plaintiffs the benefit of assuming that Count Five is attempting to state a federal RICO claim, it would also be barred by *Rooker-Feldman*, as it too asks this Court to find the mortgage loan and state court foreclosure judgment invalid.

[7] The Court notes that, in the very beginning of the Complaint, Plaintiffs aver that their claims before this Court "are independent of the state court action which Plaintiffs are not seeking appellate review in this matter and, therefore, should survive the *Rooker-Feldman* doctrine." (Compl. at 2.) This one-off, conclusory statement made in an attempt to avoid the application of *Rooker-Feldman* is unavailing. The Court further notes that Plaintiffs' attorney, Mr. Joshua Louis Thomas, has been barred from filing any future foreclosure actions in this Court without prior Court authorization due to his regular practice of filing complaints barred by *Rooker-Feldman*. *See Hood v. Victoria Crossing Townhouse Ass'n,* Civ. No. 18-12259 (Doc. 35); *see also Hood v. Victoria Crossing Townhouse Ass'n,* Civ. No. 18-12259, 2019 WL 3336132, at *9 (D.N.J. July 25, 2019) ("The Court also finds that [Mr. Thomas] has repeatedly filed suits in this District and in the Eastern District of Pennsylvania that have been dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine and/or preclusion under the New Jersey entire controversy doctrine, as in the present action.")

F.3d 72, 76–77 (3d Cir. 2003) (instructing that, "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt") (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Scheier v. Memphis Light, Gas & Water Div.*, Civ. No. 08-2164, 2009 WL 198126, at *6 (D.N.J. Jan. 23, 2009) (holding that, in cases where only one defendant moved to dismiss, courts may "consider the adequacy of the Complaint as to all [d]efendants"); *Spence v. Brownsville Area Sch. Dist.*, Civ. No. 07-0906, 2007 WL 4207783, at *2 (W.D. Pa. Nov. 26, 2007) (explaining that "it is within the Court's discretion to dismiss the Complaint in its entirety even though the motion has been filed on behalf of only one defendant").

### B. State Law Claims

Having found that *Rooker-Feldman* divests this court of subject matter jurisdiction over Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The Third Circuit has held that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). Here, particularly considering the early stage in the litigation, these justifications are not present. *See Anderson v. ZFC Legal Title Tr. I*, Civ. No. 16-1499, 2016 WL 7408846, at *5 (D.N.J. Dec. 22, 2016) (declining to exercise supplemental jurisdiction over the plaintiff's state law claims against a defendant mortgage lender, as doing so "would be intruding into the specialized area of mortgage foreclosure which is already before the Superior Court of New Jersey; this federal court would be called upon to duplicate or interfere with the ongoing state foreclosure proceedings"). Thus,

Plaintiffs' state law claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3) for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Defendant Powers Kirn's Motion to Dismiss (Doc. 3) is **GRANTED**; Plaintiffs' federal claims are dismissed as to all Defendants, and Plaintiffs' state law claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3) for lack of subject matter jurisdiction. An accompanying Order shall issue.

Dated:      4/17/2020                                  /s Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge